Good morning, Your Honors. My name is Robert Brown, and I am here to represent veteran Bobby J. Hinkle in his claim for Veterans Benefit from the Department of Veterans Affairs. The really the sole issue on appeal in this case is whether the Court of Appeals for Veterans Claims applied the correct burden of proof to the Department of Veterans Affairs when it held that the agency overcame the presumption of soundness. There is also a subordinate issue here on whether this Court has jurisdiction to hear this appeal, and I understand that I have the burden to show jurisdiction in this case. The facts of this case are really not in dispute. Bobby Hinkle was drafted into the Army during the Korean War. We know all the facts, Counsel. I guess, why don't you jump to exactly how you think we How is it the Veterans Court erred? Your Honor, I believe that the presumption of soundness, as it's been interpreted by this Court in Wagner v. Principi and the follow-on cases, shifted the burden of proof from the Department of Veterans Affairs. Well, that's correct. And so the Department of Veterans Affairs has to prove that this was a condition that preexisted. Service has to overcome the presumption, right? Yes, Your Honor. And so why does clear and unmistakable mean that there can't be any contrary evidence? I don't know that a lack of any contrary evidence is the standard for clear and unmistakable. I believe that clear and unmistakable means that it should be undebatable. What do you mean by undebatable? Do you mean there can be no argument on the other side, no matter how tenuous that argument might be? Your Honor, when I read Cuaron v. Shinseki and Vanderson v. West, they both say undebatable. What do you think? Let me give you a hypothetical case. Let's assume I am in a debating society, and on one side is the heirs of Magellan, and on the other side is someone who's part of the Flat Earth Society. I happen to be a member of the Flat Earth Society, so I'm familiar with their issues. And the question before the group is, is it debatable as to whether the Earth is round? And the Flat Earth Society person says, yes, that's debatable because I have a view about it. Do you think that's really debatable? Your Honor, I don't. I don't think in that situation. In which case, we have to assess the overall merit of an argument before we can decide whether it's a debatable issue. The fact that somebody can make the argument doesn't make it debatable. Is that fair? Yes, Your Honor. Okay. Then all you're telling us is you disagree with the way the board assessed your client's medical testimony. But we can't hear that, can we? Yes, Your Honor. I believe that this is a legal standard, being a presumption of soundness and the facts of the case are not in dispute. What we're arguing is that the law requires a heightened burden of proof. And in this case, when we read the memorandum opinion from the Veterans Court, we see that the judge actually, when he compared the two expert opinions, used a balance of the probabilities approach. And a balance of the probabilities is a lower burden of proof than the heightened burden of proof, which is the clear and unmistakable evidence standard. So, there's a quotation from the Veterans Court. Does the Veterans Court not mention the clear and unmistakable error? Yes, it does, Your Honor. But farther into that opinion, and I believe it's in my brief. I've quoted the opinion in page 6 of their opinion. They mention the clear and unmistakable evidence standard. And again at page 7 in detail. I understand that, Your Honor. Where do they say it's by a presumption? I want to look, because in my brief, Your Honor, I quoted the Veterans Court from the, and it's in my appellate appendix at page 11. I have the quote from the memorandum opinion from the Veterans Court. And in the first, probably two-thirds of it, the court explains that it is following the presumption of soundness. But in the paragraph, and I could read the last sentence, it says, therefore... Tell us what page of the board, we have the board's opinion in our hands, the Veterans Court opinion also. So, what page are you reading from so that we can look at it? Your Honor, I've, in my brief and in my reply, I've cited it to the appendix at page 11. And the last sentence of the quotation reads, therefore, the court concludes that the board did not err in assigning less probative weight to the claimant's expert report based on his conclusion that the appellant did not experience symptoms of Wolf-Parkinson-White syndrome prior to service. Well, that's not quite the same thing as saying they're applying a preponderance standard, is it? That was the way I read it, Your Honor, when I read the opinion. I did read the rest of the opinion, and it does say that they're being mindful of the heightened burden under the presumption of soundness. But when I read on to this part of the decision, what I read was that when they actually sat down to decide which of the two expert opinions would receive more sway in deciding the case, they then applied a preponderance of the evidence based on the sentence that I highlighted and underlined for this court to see in my brief. Mr. Brown, you present us with a problem that we often, or not often, sometimes have to deal with, which is in writing their opinions, it's often the case that a lower court judge or administrative organization says more than they should. And sometimes they'll say things that are inconsistent. Our rule to deal with that is we don't judge opinions, we judge judgments. And so we really can't spend our time picking and choosing phrases from the Veterans Court's opinion. What we have to do is look at the overall result in the case. Can you tell us that the overall result is that inconsistent with a proper application of the law? I believe so, Your Honor, and I believe that... Why? In what way is it inconsistent? And we also don't retry cases, we correct errors. In what way is their judgment inconsistent with what one might have expected in this case? When we go back to the principle that requires an undebatable condition between the experts, the one thing I will say is that we have experts of comparable levels of expertise in that we have... The board didn't think so, and nor did the Court of Appeals think so. They didn't think they were of comparable expertise. They gave more credibility to the government's doctors. Well, in fairness to Dr. Kim, it wasn't because they didn't think he wasn't credible, it was because, as they said, they didn't think that he based his medical opinion on the accurate facts, right? Isn't that what they said? They say, your therefore sentence is that they're assigning less probative weight to Dr. Kim because his conclusion was based on a representation to him that turned out to be false, namely that this gentleman had had no symptoms prior to entering service. Dr. Kim's opinion was based on a representation to him that there had been no medical history of heart problems prior to service, but the board found based on the veteran's own repeated disclosures that he had had these problems prior to service. And so they discounted Dr. Kim's medical opinion, didn't they? Because they thought that he hadn't been given the true and accurate medical history. Your Honor, if you look at Dr. Kim's entire report, which I believe is also included in the appendix, Dr. Kim put a very exhaustive list of the records that he reviewed. So when he made his judgment, he did listen to the oral history from the veteran, that is true, but he also had all of the documents in front of him that Dr. McClanahan had when she wrote her opinion for the VA. Dr. Kim, as a medical doctor who performed the examination and reviewed those same list of documents that the VA's doctor looked at, made a decision that the Wolf-Parkinson-White Syndrome was likely or more likely than not aggravated by military service due to the stressful environment, physically and mentally stressful environment of military service. He looked at the same, I happen to think that Judge Moore is correct about the fact that they didn't think he looked at the same evidence, but let's take your position. He looked at the same evidence as the government's doctors looked at. And the government's doctors said A. He looked at the same evidence and said B. It's not totally uncommon for two doctors to disagree about something. What is the board and the court to do when the experts, given your case, using the same evidence, come out with opposite conclusions? What do we do? Your Honor, I'd like to answer your question. I'm into my reserved period of time. Go ahead. I don't want to answer the question. Thank you, Your Honor. What we do is we leave it to the fact finder to make a judgment as to who, maybe credibility isn't the right word, perhaps as to who is more persuasive. I mean, inevitably what you're asking us to do is to review the facts and second-guess them on the facts and determine whether the evidence was clear and unmistakable. It just seems to me there's no way around the fact. So that's what you're asking us to do, which we can't do. Well, Your Honor, I think that what we have to look at is their heightened burden and that the precedent says that the heightened burden requires them to overcome this undebatability. We have a doctor who is an expert who looked at the same things, and he has a difference of opinion. With clear and unmistakable evidence, they can overturn the presumption, can't they? Yes, Your Honor, but the precedent says it must be undebatable, and there's clearly debate here. But that's the fact question. It's not just that we can't review fact questions. We can't review application of law to fact either. So it just sounds like you're saying, well, they might have said the right standard, but as applied in this case, it's clear they're not using the right standard because the facts of this case don't fall. But we're not allowed to review that, even if I want to, which I often do. I'm not allowed to by our statute that limits our jurisdiction. Your Honor, in Reeves v. Shinseki, this court has provided itself with jurisdiction. We can't provide ourselves with jurisdiction. There's a statute. I believe that Wilson v. Principi talks about the newly created statute. We can decide a case where the facts are undisputed and the question is, under the legal standard, how should the case come out? We've said that. But we have not said that we can lay the evidence to make a determination as to whether it's clear and unmistakable or something else. But I think this court, Your Honor, does have jurisdiction to tell the lower court to do it again when they've violated the legal standard, in that the circuit court would not be deciding the case. The circuit court would be making the people who are responsible to decide it correctly. Okay. Well, let's defer the questions. I think we're out of time. We'll give you two minutes for rebuttal. Okay. Thank you, Your Honor. You're welcome. Mr. Snyder. Ma'am, please, the court. Mr. Engle's appeal should be dismissed for lack of jurisdiction. The question before the court is a question of fact. The court should find that jurisdiction lies here. The judgment of the veteran court should be affirmed. As during the questioning that just took place reflected, there's factual issues that were weighed by the veterans court and by the board before the veterans court. Those factual issues are outside of the jurisdiction of the court. There were three medical opinions that were proffered by Mr. Engle during the course of the review of his claim. And the record shows that those three opinions were considered and the probative value of them was not found to rise to the level of the probative value of the other evidence in the record. That is a classic example of a factual issue that was resolved below. And the cases that are cited in our brief, such as the Kent case, the Harris case, the Camellio case, that deal with these types of issues. There are examples of when this presumption of soundness is considered by the court, when there's a legal standard. It is true, is it not, that the veterans court in Vanderson did use that unfortunate phrase, non-debatable. Yes, Your Honor. Is there any need for us to say anything about that? Or is it so clearly debatable as to what is meant by non-debatable that we don't need to do anything further to clarify what everybody seems to understand about Vanderson? That term can obviously cause some confusion. We haven't used that terminology. And you're hypothetical, Your Honor. We have not used that terminology. That terminology has not been used, no. And even in the Querin case itself, in the context of describing that word, it said not capable of being misinterpreted or misunderstood. And so even if you were to take that application of that word here, not capable of being misinterpreted or misunderstood, I think here the record shows that they looked at all of the medical evidence. They didn't misunderstand it. There was no error or lack of consideration of any of the opinions. So there's no reason for the court to engage in that type of analysis. I think what Judge Plager is asking you is that is the undebatable standard causing problems at the veterans court level? The term was used repeatedly by the board and the veterans court here to reflect that they understand the onerous standard that is required from this presumption. The definition of that word and the use in regular, everyday English can give rise to these types of arguments. And so that may be problematic, but it seems that the veterans court and the board are capable of applying it properly, at least here. And there's no need for this court to wade into that. In this case, there was no error here or improper legal standard used. The sentence in Mr. Hankel's brief, and we all agree, there's no dispute here, is that this case essentially, as he puts it, is that since there is an expert that disagrees with the government's expert, the VA's position must be considered debatable rather than undebatable. And that is, there was already a decision from this court in Camellio which had to do with conflicting medical evidence and it was held that there's no jurisdiction over a case like that. So this is really not something new or not a case of first impression and it should be dismissed reluctantly. Counsel, even in Vanerson, which seems to be the origin of that particular phrase, the court went on to say, quote, the board is not precluded from finding that the condition existed prior to service simply because there is some evidence to the contrary, if their findings of fact indicate that contrary evidence is of no weight or otherwise non-probative. However, the board must provide reasons and bases for such a finding, which they seem to have done in this case. I don't see really how this is a, this shouldn't be a problem, should it? No, Your Honor, it should not be a problem. So long as the board and the court assess the evidence and explain, here there was a valid and rational explanation as to why the medical evidence that was proffered by Mr. Hankel wasn't as probative as the other evidence. Okay. Anything else? No. Thank you, Mr. Stein. Mr. Brown, you've got two minutes here. Thank you, Your Honor. On rebuttal, I just want to briefly touch on, once again, this heightened burden, equaling the idea of undebatability. And I just want to point out the simple question is whether the Veterans Court applied too deferential a burden to the VA because the burden of proof was on the VA. And if the VA didn't meet its burden of proof, then it shouldn't be permitted to prevail. We're not asking this court necessarily for a reversal, but maybe send it back with instructions that this be explained in a different way, with maybe the option for the Veteran to put on new evidence. I'm new at this, at this level of court, so I hope that that's a reasonable suggestion to overcome this issue. All we're asking for is benefits for a gentleman who was drafted in the Korean War, who didn't go in the Army willingly, who went when he was asked to go, and then was sent home by the Army. It's helpful to know what you're asking us to do. Thank you. Thank you, Your Honor. Okay. Thank you, Mr. Brown. Both counsel, the case is submitted.